# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **ORDER REVOKING DEFENDANT'S** |
| ) | **PRE-SENTENCE RELEASE** |
| vs. ) | |
| ) | |
| Chad Agard, ) | Case No.: 1:12-cr-095 |
| ) | |
| Defendant. ) | |
| ) | |

On October 23, 2012, the court conducted a hearing on a petition for revocation of defendant's pre-sentence release. AUSA Gary Delorme appeared on the government's behalf. Attorney Paul Myerchin appeared on defendant's behalf.

On June 6, 2012, defendant was released subject to several conditions including the standard condition that defendant not violate any federal, state, tribal, or local law. On July 24, 2012, the Government moved for revocation of defendant's pretrial release, alleging defendant violated that condition by driving under the influence, driving without a valid license, and committing criminal contempt of tribal court. Following a hearing, defendant was released subject to additional conditions including the conditions that he refrain from any use of controlled substances and that he reside at Bismarck Transition Center ("BTC") and abide by its rules and regulations. The petition before the court alleges that defendant violated those conditions in that while signed out of BTC on October 20, 2012, defendant overdosed on morphine at a residence in Bismarck. The petition alleges that defendant was nonresponsive when an ambulance arrived to transport defendant to the emergency room, that defendant was given four injections of a medication call Narcan to counteract the effects of the morphine, and that defendant remained in intensive care until October 21, 2012.

1

When there is probable cause to believe a defendant committed an offense with the maximum term of imprisonment of ten years or more under the Controlled Substances Act, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(3)(A). As defendant has entered a guilty plea to such an offense, the burden is on him to overcome the presumption of detention and prove by clear and convincing evidence that he does not pose a danger to the community. At the outset of the hearing, the defendant admitted to using morphine and to being transported to the emergency room. The court finds that defendant's admission was made knowingly, intelligently, and upon advice of counsel. Given defendant's admission, his history of substance abuse, and the nature of the underlying charge to which he has pleaded guilty, the court finds defendant has failed to rebut the presumption that he poses a danger to the community.

Consequently, the court **ORDERS** that defendant's pre-sentence release be revoked and that he be detained pending sentencing. Defendant shall be committed to the custody of the Attorney General or his designated representative for confinement pending sentencing. Defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated this 23rd day of October, 2012.

>	*/s/ Charles S. Miller, Jr.*
> Charles S. Miller, Jr.
> United States Magistrate Judge